**HUA FANG CHEN, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.**

**No. 06–3740–ag.**

United States Court of Appeals, Second Circuit.

Oct. 12, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Weishan Wang, Capital Law Group, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Sharon L. Potter, United States Attorney for the Northern District of West Virginia; Helen Campbell Altmeyer, Assistant United States Attorney, Wheeling, WV, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Hua Fang Chen, a native and citizen of the People's Republic of China, seeks review of a July 18, 2006 order of the BIA affirming the February 11, 2005 decision of Immigration Judge ("IJ") William P. Van Wyke denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Fang Chen,* No. A78 746 414 (B.I.A. July 18, 2006), *aff'g* No. A78 746 414 (Immig. Ct. N.Y. City Feb. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that the petitioner was not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). Legal issues, and the application of law to fact, are reviewed *de novo. See Secaida–*

*Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 304–05 (2d Cir.2007).

## A. Asylum and Withholding of Removal

### 1. Falun Gong Claim

■ Chen argues that the BIA erred in affirming the IJ's adverse credibility finding because it was impermissibly speculative and the hearing was not conducted in an impartial manner. Upon review of the record, we agree with the BIA that the IJ acted within his authority to "receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses." *See* 8 U.S.C. § 1229a(b)(1). The record does not reflect any outward signs of bias or hostility against Chen, *cf. Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir.2006), and moreover, the IJ made clear to the parties that the sole purpose of his extensive questioning was to create a record that would support his ultimate findings. As we have noted, when an IJ has concerns about the credibility of an alien's vague testimony, the appropriate course is to probe for further details. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151–52 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 304–05 (2d Cir.2007).

Moreover, in light of the record the IJ created, we find that his adverse credibility finding is supported by substantial evidence. The IJ found numerous implausibilities in Chen's claim, notably her inability to explain her sudden devotion to Falun Gong, and willingness to distribute Falun Gong materials, following a 10–minute encounter with two practitioners in an alley. The IJ reasonably found such devotion particularly implausible when Chen testified that she never practiced Falun Gong in China, but was nonetheless convinced of its benefits. *See Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir.2007) (emphasizing that an IJ's credibility finding will be accorded deference as long as any "inferential leap is tethered to the evidentiary record"). Chen was also unable to explain how the police knew she had been distributing Falun Gong materials, or why they continued to look for her, four years later, and did not become suspicious when her mother gave different excuses for her absence each time. In addition, the IJ emphasized concerns with Chen's demeanor, including her consistent inability to give direct or consistent answers to questions. Weighing these considerations cumulatively, and noting the deference we owe an IJ's demeanor-related findings, we conclude that the adverse credibility finding is supported by the record in this case. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400–02 (2d Cir.2006) (emphasizing that an adverse credibility finding is properly based on the cumulative impact of such factors); *Ming Xia Chen v. BIA*, 435 F.3d 141, 145–46 (2d Cir. 2006).

Moreover, because we conclude that the IJ's adverse credibility finding with regard to the sincerity of Chen's Falun Gong devotion is sustainable, we also agree that she failed to demonstrate a well-founded fear of persecution based on her recently acquired knowledge of the practice. *Cf. Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir.2006). The adverse credibility finding is thus fatal to both her asylum and withholding claims, to the extent they were based on Falun Gong. *See Zhou Yun Zhang*, 386 F.3d at 78.

## 2. Family Planning Claim

Substantial evidence also supports the IJ's conclusion that Chen did not demonstrate a well-founded fear or clear probability of persecution under the family planning policy. At the time of her hearing, Chen was not married, and had only one child. She never expressed any specific plans to have more children, nor was it apparent from the record if or how she would be prevented from doing so. As the IJ noted, the background materials indicated that an individual from a rural area whose first child was female was generally allowed to apply for permission to have a second child. Under these circumstances, the IJ reasonably found Chen's fears too speculative to sustain her burden. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005); *see also Matter of J–W–S–*, 24 I. & N. Dec. 185, 192 (BIA 2007) (calling into question whether children born abroad are counted in terms of China's family planning policy). As such, substantial evidence supports the IJ's denial of Chen's asylum claim based on her fear of persecution under China's family planning policy. Because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim on this basis, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul,* 444 F.3d at 156.

## B. CAT

Finally, there is no merit to Chen's argument that the IJ failed to give her CAT claim independent consideration. *Cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004). The IJ considered all factual bases on which Chen claimed to fear persecution or torture, and found she could not meet her burden of proof for any of the relief she requested; Chen has not asserted a separate factual basis for her CAT claim. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.